IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shondell Christopher Patterson )  C. A. No. 2:09-1298-DCN-RSC
)
        Plaintiff, )
)
    -versus- )  **REPORT AND RECOMMENDATION**
)
Officer Kenneth Brown )
and Richland County; )
Alvin S. Glenn Detention )
Center, Director Myers, )
Investigator Freely, )
Lt. NFN Bufford, )
Investigator Harrell )
)
)
        Defendants. )

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a pre-trial detainee proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the defendants' motion for summary judgment. 28 U.S.C. § 636(b).

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

1

The plaintiff, Shondell Christopher Patterson, is a pre-trial detainee at the Alvin S. Glenn Detention Center (formerly known as the Richland County Detention Center). On may 19, 2009, he brought suit against an officer at the Alvin S. Glenn Detention Center, Kennith Brown, and the detention center, itself. On June 17, 2009, the Honorable David C. Norton, United States District Judge dismissed the Alvin S. Glenn Detention Center and Richland County from the action. On June 5, 2009, the plaintiff amended his complaint to add as defendants Director Myers, Investigator Freely, Lt. NFN Bufford, and Investigator Harrell.

Plaintiff alleges that defendant Officer Kenneth Brown attacked him in the dorm on April 15, 2009, and in his amended complaint, he alleges that he did nothing to provoke any action from Brown. The plaintiff also alleges that, pursuant to a "cover up" he was placed in administrative detention for 30 days without due process. Additionally, Defendant Renoldo Myers violated his rights by allowing the alleged "cover up" to take place and Defendants Friedley and Harrell violated his due process rights by their involvement in the investigation of the incident. Lastly, the defendants did not notify the South Carolina Law Enforcement Division (SLED) so that criminal charges could be brought against Brown. Plaintiff seeks damages and equitable relief.

On December 1, 2009, the defendants filed a motion for summary judgment along with the plaintiff's medical records, incident reports, disciplinary hearing results, and various affidavits. The plaintiff was provided a copy of the motion and on December 4, 2009, was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The plaintiff opposed the motion on January 5, 2010, which he supplemented on January 7, 2010. The defendants replied on January 15, 2010. The plaintiff filed a reply on February 2, 2010, which he supplemented on February 12, 2010, and on February 18, 2010. Hence, it appears consideration of the motion is appropriate.

**SUMMARY JUDGMENT STANDARD**

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact.

3

The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## FACTS

The facts either undisputed or according to the plaintiff's

verified complaint[2] as the non-moving party, to the extent supported by the record, and all reasonable inferences therefrom are as follow.

On April 15, 2009, Plaintiff approached Off. Brown at his desk and asked him to phone Gail Baker, the head of the canteen at the detention center, because he was expecting the delivery of items he had ordered from the canteen and the items had not yet arrived. Off. Brown phoned Baker who did not answer the call and he left a voicemail message for her to return his call. Thereafter, the plaintiff approached Brown "every other hour" asking him to call again for him.

After Plaintiff came to Brown's desk several times, Brown ordered Plaintiff to leave his desk. Plaintiff refused several times and Brown threatened to place Plaintiff on lock up if he did not obey his direct order. Plaintiff continued to argue with Brown. Brown then walked around to the plaintiff and said, "Let's go." Plaintiff asked, "Where to?" and Brown told him he was being escorted to his cell. Plaintiff "told him no and requested to speak to a white shirt[3]." Brown told the plaintiff again to come with him and the plaintiff again refused and asked to see a white shirt. Brown began to approach the plaintiff and the plaintiff told Brown to back away from him and that he "was

---

[2] All quoted material is from Plaintiff's verified complaint, "Statemnt of Claim." Complaint pgs. 3-8.
[3] A "white shirt" is a supervisor.

5

not going to let Brown put his hands on him." Brown "just stared at Plaintiff and then took a step forward and raised his fists". Plaintiff took a step back and raised his fists. Plaintiff asked Brown what he was going to do. Plaintiff "told him to swing. I kept repeating 'swing' and the next thing I know I'm dodging punches."

Brown called for back up. The entire incident lasted from ten (10) seconds to five (5) minutes[4]. Following the incident, Plaintiff was seen by medical which is standard procedure at the detention center. Medical found no injuries, however the plaintiff asserts that his "back began to hurt" and explained that because of a medical condition he is not "suposed to be doing any strenuous activities especially not fighting 250-275 lb grown men." (sic). Plaintiff argued that his medical examination cannot be relied upon because it was "only visual."

Plaintiff was charged with assaulting an officer, refusing to obey a direct order[5], creating a security disruption, and interfering with security operations. He was found guilty of all charges and was placed in segregation for thirty (30) days.

---

[4] Video footage from a security camera shows that Off. Brown came from behind his desk toward the plaintiff and came back to his desk in a period of ten (10) seconds. Plaintiff concluded that the footage is not the "true" footage but has been changed and that his witnesses agree that Brown was out of the camera's range for three (3) to five (5) minutes. (Pl. Opp. pg. 14).
[5] In his opposition to the motion, Plaintiff averred that he did not disobey an order. Rather, he "declined" Off. Brown's "invitation" to go to his cell. (Pl. Opp. pg. 5-6).

Plaintiff asserts that the remaining defendants failed to properly investigate the incident, did not provide him with a proper disciplinary hearing, did not notify the South Carolina Law Enforcement Division so that criminal charges could be brought against Brown.

## **DISCUSSION**

A review of the record and relevant case law reveals that the defendants' summary judgment motion should be granted.

As an initial matter, Plaintiff's claims against these defendants in their official capacities seeking monetary damages are barred by the Eleventh Amendment. The Eleventh Amendment bars suits in federal courts for money damages against an "unconsenting State." Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347 (1974). This immunity extends to "arm[s] of the State," Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568(1974), including state agencies and state officers acting in their official capacity. Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). The individually-named defendants are employees of the Sheriff and Sheriffs in South Carolina are an "arm of the state." See Gulledge v. Smart, 691 F.Supp. 947 (D.S.C. 1988) (holding that South Carolina sheriffs are state officials for Eleventh Amendment purposes), aff'd mem., 878 F.2d 379 (4th Cir. 1989). Therefore, to the extent Plaintiff sued the defendants in their "official capacities," Defendants

are immune from suit as they are treated as "arms of the State." Will v. Michigan Dep't of State Police, 491 U.S. 58, 70, 109 S.Ct. 2304 (1989).

However, to the extent Plaintiff seeks damages from the individuals in their individual capacities, the individual Defendants are not protected by Eleventh Amendment immunity.

Plaintiff's first claim is that he was subjected to the use of unreasonable force by Defendant Brown. The constitutional rights of pretrial detainees like the plaintiff, as opposed to convicted inmates, are to be evaluated under the Due Process Clause of the Fourteenth Amendment. See generally Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861 (1979). Under the Fourteenth Amendment, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535-36, 1872 (citations omitted). However, "the Government concededly ...may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment." Id. at 536, 1873.

Punitive intent may be inferred when the application of the force was not reasonably related to a legitimate non-punitive objective. United States v. Cobb, 905 F.2d 784, 788-789 (4th Cir. 1990). Further, under Fourth Circuit caselaw, this court evaluates the extent of the alleged injuries under co-extensive Eighth Amendment standards. Grayson v. Peed, 195 F.3d 692 at

696-697 (4th cir. 1999).

The courts have clarified that "[i]t is fundamental that the state cannot hold and physically punish an individual except in accordance with due process of law;" however, "[t]here is, of course, a de minimis level of imposition with which the Constitution is not concerned." See Ingraham v. Wright, 430 U.S. 651, 674 (1977).

The court in Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997) court also indicated that:

> To permit those in custody to bring excessive force claims without any showing of injury would violate that very principle. The de minimis nature of [a Plaintiff's] alleged injuries cannot be squared with [a Plaintiff's] need to demonstrate excessive force amounting to punishment. Bell, 441 U.S. at 535, 99 S.Ct. at 1871-72. Punishment must mean something more than trifling injury or negligible force. Otherwise every touch would be actionable and every alleged "push or shove" would entitle [a] Plaintiff to a trial. This is no idle concern. Those in detention often detest those charged with supervising their confinement, and seek to even the score through the medium of a lawsuit. The Constitution, however, does not exist to scoop up every last speck of detainee discontent. To hold that every incident involving contact between an officer and a detainee creates a constitutional action, even in the absence of injury, trivializes the nation's fundamental document.

Riley, at 1167.

Here, Plaintiff admits that he argued with the officer and did not obey the officer's multiple direct orders prior to the application of force, so that some application of force to maintain order would have been appropriate. While physical force ultimately was used, it appears that he suffered at most di

9

minimus injuries. Plaintiff was examined by medical staff following the incident and he was released as no medical care was necessary. Medical records show that nine (9) days later, on April 24, 2009, Plaintiff was next seen by medical staff for complaints of pain for which he was given Naprosyn. Nonetheless, Plaintiff argued that he suffered more than de minimis injuries and the reason the examining nurse did not find these injuries was because she performed a visual examination "only". Plaintiff has himself submitted no medical evidence whatsoever concerning his alleged injuries in support of his argument.

Plaintiff's general conclusion that the amount of force used was excessive cannot withstand this well supported summary judgment motion. Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995) (explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of reasonable probability", and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary") (internal quotation marks omitted); See Strickler v. Waters, 989 F.2d 1375, 1380-1381 n. 9 (4th Cir. 1993) (the mere incantation of physical and mental injury, of course, is inadequate to survive a motion for summary

judgment); Robles v. Glenn, No. 06-256, 2007 WL 1655335 at 4 (E.D.Tex. June 5, 2007)("[W]here the objective factors of an inmate's medical records show no evidence of any injuries consistent with the inmate's allegations, the Court may conclude that the allegations are implausible.") (citing Wilburn v. Shane et al., No. 98-21077 (5th Cir. Aug. 20, 1999) (unpublished), citing Wesson v. Oglesby, 910 F.2d 278, 281-282 (5th Cir. 1990); see generally Aswegan v. Henry, 49 F.3d 461, 465 (8th Cir. 1995) (stating that when an inmate alleges a serious medical need either for treatment or to avoid certain conditions, the inmate's bare assertion of a serious medical condition is insufficient without medical evidence verifying that the condition exists); Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994) (prisoners self-diagnosis alone will not support a medical conclusion). For these reasons it appears that the defendants are entitled to judgment as a matter of law on the plaintiff's excessive force claim.

Plaintiff's remaining claims are that the defendants failed to provide him with a proper disciplinary hearing and a proper investigation of the incident, and that they did not notify the South Carolina Law Enforcement Division (SLED) so that criminal charges could be brought against Brown. While it appears that these claims may not be actionable under 42 U.S.C. §1983, the fact that the plaintiff did not exhaust his administrative

11

remedies requires that they be dismissed without prejudice.

Defendants raised failure to exhaust administrative remedies as an affirmative defense and moved for summary judgment on that basis as well as on the merits of the allegations. Defendants submitted the sworn affidavit of Kathryn Harrell, the Assistant Director of the ASGDC who affied that Plaintiff did not exhaust his administrative remedies concerning these claims.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C.A. § 1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In <u>Porter v. Nussle</u>, 534 U.S. 516, 122 S.Ct. 983 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. Further, exhaustion must occur prior to the filing of the lawsuit or it must be dismissed. <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, at 683 (4th Cir. 2005).

The ASGDC has a grievance system in place that allows detainees to file written complaints regarding the facility or its operations, and in order to exhaust his administrative remedies an inmate must appeal to the Assistant Director or her

designee. (Defs.' Reply Memo. , Ex. Kathryn Harrell Aff. ¶ ¶ 6-10). There is no evidence in the record that the plaintiff filed a grievance[6] concerning the remaining allegations in his complaint, much less that he fully appealed his grievance to the Assistant Director or her designee. The unexhausted claims are subject to dismissal without prejudice.

### **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the defendants be granted summary judgment on the excessive force claim and that the remaining claims be dismissed without prejudice for failure to comply with the exhaustion requirement of the PLRA, and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
February 23, 2010

---

[6] Plaintiff affied that he filed a grievance complaining of the conditions of confinement in segregation and another grievance complaining that Officer Brown assaulted him.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).