IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Shondell Christopher Patterson, | ) | |
| | ) | C/A No. 2:09-1298-DCN-RSC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER and OPINION** |
| | ) | |
| Officer Kenneth Brown, and Richland County; Alvin S. Glenn Detention Center, Director Myers, Investigator Freely, Lt. NFN Bufford, Investigator Harrell | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on plaintiff's constitutional claims arising from his confinement at Alvin S. Glenn Detention Center (ASGDC). Plaintiff seeks relief from several defendants pursuant to 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment, to which plaintiff has responded in opposition. The record includes a report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B). Plaintiff has filed objections to the report and recommendation. Following the filing of the magistrate judge's report, plaintiff also filed a motion to compel discovery, to which defendants object. For the reasons set forth below, the court adopts the magistrate judge's report and recommendation and grants defendants' motion for summary judgment as to plaintiff's excessive force claim. The court dismisses plaintiff's remaining claims without prejudice. Further, the court denies plaintiff's motion to compel.

1

## I. STANDARD OF REVIEW

This court must conduct a de novo review of any portion or portions of the magistrate judge's report to which an objection is made, and may accept, reject, or modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). However, review by this court of findings or recommendations to which no party objects is not necessary. Thomas v. Arn, 474 U.S. 140, 150 (1985). A party's failure to object constitutes an acceptance of the magistrate judge's findings and recommendations. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984) (adopting interpretation of 28 U.S.C. § 636 which conditions appeal from a district court's judgment on magistrate judge's recommendation on party's filing of objections with district court). A general objection which is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" is inadequate to obtain district court review. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (citation omitted).

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Evidence should be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a "mere scintilla" of evidence will not preclude summary judgment. The court's inquiry is "not whether there is literally no evidence, but whether there is any

[evidence] upon which a jury could properly . . . find a verdict for the party" resisting summary judgment. Id. at 251. Verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

## II. PRO SE PETITIONS

Plaintiff is proceeding pro se in this case. Pro se complaints should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990).

## III. ANALYSIS

    A.    **Motion for Summary Judgment**

        i.    **Immunity**

The Eleventh Amendment provides immunity to states, barring suits in federal courts for monetary damages against an "unconsenting State." Edelman v. Jordan, 415 U.S. 651, 653 (1974). This protection extends to "arm[s] of the State," Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1974), including agencies and

officers of the state acting in their official capacity. Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). In South Carolina, sheriffs are designated as an "arm of the state," and the defendants named individually in this suit are employees of the Sheriff. See Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988) (holding that South Carolina sheriffs are state officials for purposes of the Eleventh Amendment). Accordingly, to the extent plaintiff sued defendants in their "official capacities," defendants are immune from suit as they are treated as "arms of the State." Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).

Plaintiff also seeks damages from defendants in their individual capacities, and to that extent, they are not protected by Eleventh Amendment immunity.

    ii.  **Excessive Force**

The Eighth Amendment expressly prohibits "cruel and unusual punishment." U.S. Const. amend. VIII. Plaintiff claims defendant Brown utilized unreasonable force on him while he was a pretrial detainee at ASGDC. As an initial matter, the Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees. See generally Bell v. Wolfish, 441 U.S. 520 (1979). Under the Fourteenth Amendment, "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Id. at 535-36 (citations omitted). Although, "the Government . . . may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment." Id. at 536.

The law in this circuit requires the court to evaluate the gravity of the alleged injuries under both the Eighth and Fourteenth Amendments. Grayson v. Peed, 195 F.3d

4

692, 696-97 (4th Cir. 1999). The Supreme Court has noted that "[i]t is fundamental that the state cannot hold and physically punish an individual except in accordance with due process of law;" although, "[t]here is, of course, a de minimis level of imposition with which the Constitution is not concerned." Ingraham v. Wright, 430 U.S. 651, 674 (1977). Specifically, in Riley v. Dorton, the Fourth Circuit held that:

> To permit those in custody to bring excessive force claims without any showing of injury would violate that very principle. The de minimis nature of [a plaintiff's] alleged injuries cannot be squared with [a plaintiff's] need to demonstrate excessive force amounting to punishment. Bell, 441 U.S. at 535, 99 S. Ct. at 1871-72. Punishment must mean something more than trifling injury or negligible force. Otherwise every touch would be actionable and every alleged "push or shove" would entitle [a] plaintiff to a trial. This is no idle concern. Those in detention often detest those charged with supervising their confinement, and seek to even the score through the medium of a lawsuit. The Constitution, however, does not exist to scoop up every last speck of detainee discontent. To hold that every incident involving contact between an officer and a detainee creates a constitutional action, even in the absence of injury, trivializes the nation's fundamental document.

115 F.3d 1159, 1167 (4th Cir. 1997).

In the present case, plaintiff admits that he argued with defendant Officer Brown and did not obey direct orders to return to his cell. Thus, application of force was necessary to maintain order. The officer resorted to some amount of force, that caused at most de minimis injuries to plaintiff. Immediately following the physical contact between plaintiff and Officer Brown, plaintiff was examined by medical staff who determined that no medical care was necessary. According to medical records, plaintiff was seen by medical staff nine days after the incident with Officer Brown because he was complaining of pain for which he was given Naprosyn (also known as Aleve or Naproxen). Plaintiff continues to argue that his injuries are more than de minimis, but

5

has offered no medical evidence supporting his claim.

The mere statement by plaintiff that excessive force was used against him cannot withstand defendants' well-reasoned summary judgment motion. Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995) (explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range of reasonable probability", and that "[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary") (internal quotation marks omitted); see Strickler v. Waters, 989 F.2d 1375, 1380-81 n.9 (4th Cir. 1993) (simply claiming physical and mental injury is inadequate to survive a motion for summary judgment); Robles v. Glenn, No. 06-256, 2007 WL 1655335, at *4 (E.D. Tex. June 5, 2007) ("[W]here the objective factors of an inmate's medical records show no evidence of any injuries consistent with the inmate's allegations, the court may conclude that the allegations are implausible.") (citing Wilburn v. Shane, et al., No. 98-21077 (5th Cir. Aug. 20, 1999) (unpublished), citing Wesson v. Oglesby, 910 F.2d 278, 281-82 (5th Cir. 1990)). For the reasons stated, defendants are entitled to judgment as a matter of law on plaintiff's excessive force claim.

      **iii.    Due Process**

Plaintiff further claims that defendants did not provide him with a proper disciplinary hearing and did not execute a proper investigation of the incident in violation of his due process rights. Because plaintiff has failed to exhaust his administrative remedies on these claims, they must be dismissed without prejudice.

The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before filing a section 1983 action. The act states, "[n]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997(e). ASGDC has a system in place for handling grievances by detainees. Detainees are allowed to file written complaints, and must appeal to the Assistant Director or her designee in order to exhaust their administrative remedies. According to the record, it appears that plaintiff did not file a grievance concerning the remaining allegations in his complaint, much less appeal his grievance to the Assistant Director or her designee.[1] These unexhausted claims must be dismissed without prejudice.

      **B.**      **Motion to Compel Discovery**

Plaintiff has also filed a motion to compel discovery. Generally, the nonmoving party must be given an opportunity to conduct discovery prior to a ruling on a summary judgment motion where such discovery is relevant to the issues raised in the motion. Xerox Corp. v. Genmoora Corp., 888 F.2d 345, 355 (5th Cir. 1989). Disposing of a summary judgment motion is also improper when the nonmoving party has not been granted "adequate time for discovery." Celotex Corp. v. Catrett, 477 U.S. 317, 322

---

[1] The affidavit of Kathryn Harrell, the Assistant Director of the detention center, states: "I have not received any appeal of a disciplinary decision from the Plaintiff, and therefore the Plaintiff has not exhausted his appellant process here at the detention center with regards to his disciplinary violations." This affidavit was attached to defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and was signed and notarized on January 15, 2010.

(1986). See also Reflectone, Inc. v. Farrand Optical Co., Inc., 862 F.2d 841 (11th Cir. 1989) (holding that summary judgment should not be granted until the opposing party has had a sufficient opportunity to conduct discovery). However, "[a] party does not have an unlimited right to discovery prior to a hearing on a motion for summary judgment." Amey, Inc. v. Gulf Abstract & Title, Inc., 758 F.2d 1486, 1506 (11th Cir. 1985). For example, where the nonmoving party "has not pursued its discovery rights with vigor," a court may rule upon a motion for summary judgment. Scosche Industries, Inc. v. Visor Gear Inc., 121 F.3d 675, 682 (Fed. Cir. 1997).

Plaintiff did not file his motion to compel until February 26, 2010. Plaintiff filed his original complaint on May 19, 2009. Defendants filed a motion for summary judgment on December 1, 2009. Plaintiff filed a response to the motion for summary judgment on January 5, 2010, and a supplemental response on January 7. Defendants replied to that response on January 15, to which plaintiff responded on February 2, 2010. Plaintiff filed an additional supplemental response on February 12. The magistrate judge filed his report and recommendation on February 24. Plaintiff had over six months to conduct discovery before the motion for summary judgment was filed, and then waited almost three more months before filing a motion to compel. It is clear from this time line that plaintiff did "not [pursue his] discovery rights with vigor."[2] Id.

Even if plaintiff had pursued his discovery rights vigorously, his requested

---

[2] According to the record, plaintiff's only other discovery attempt was in July 2009 when he filed a motion to compel defendants to produce the surveillance tape, which was granted in August 2009. The motion to compel filed on February 26 requested new discovery that had not previously been served on defendants.

discovery would not have produced information that is likely to affect the outcome of the motion for summary judgment. See Licari v. Ferruzzi, 22 F.3d 344, 350 (1st Cir. 1994) (finding no abuse of discretion in district judge's denial of discovery motion because the evidence sought was not the type that would render the claims viable). Plaintiff did not request any discovery likely to produce evidence that will show that his injuries were more than de minimis or that he exhausted his administrative remedies prior to filing this suit. He has asked for, among other things, copies of Officer Brown's medical records, copies of a wide range of his own medical records, lists of witnesses, and minutes of the disciplinary hearing. Plaintiff's relevant medical records are part of the record in this case, and these records indicate that he was examined after the incident and no medical care was deemed necessary. The only treatment he was given was nine days after the incident when he was given Naprosyn, which does not support his claim that his injuries were more than de minimis. The lists of witnesses, minutes of the disciplinary hearing, copies of Officer Brown's medical records, and other similar requested discovery will not enable plaintiff to withstand defendants' motion for summary judgment on the excessive force claim or show that he exhausted his administrative remedies as required. For the reasons stated, plaintiff's motion to compel must be denied.

## IV.  CONCLUSION

For the foregoing reasons and those stated by the magistrate judge, it is **ORDERED** that defendants' motion for summary judgment is **GRANTED** as to plaintiff's excessive force claim.  Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's motion to compel discovery is **DENIED**.

    **AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**July 22, 2010**
**Charleston, South Carolina**